# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**FRANKLIN C. SMITH,**

    **Plaintiff,**

vs.                                                         **Case No. 4:21cv30-MW-MAF**

**NANCY PELOSI, and the FEDERAL BUREAU OF INVESTIGATIONS,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on January 15, 2021, by submitting a complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. This is the second case Plaintiff has initiated in the past three weeks. Plaintiff's first case, 4:20cv589, was filed on December 28, 2020. In that case, an Order was entered requiring Plaintiff to support his in forma pauperis motion by providing an explanation of how Plaintiff was able to reside in the address listed and pay for the telephone with zero income. ECF No. 4 of that case. Plaintiff's in forma pauperis motion filed in this case now advises that the address provided

(400 Capital Circle, Ste. 18, Tallahassee) is a UPS store. ECF No. 2 at 2. Plaintiff states that he is homeless, has no income, and he indicates his phone has been "shut off." *Id.* at 2-5. Having sufficiently demonstrated through his signed affidavit that he qualifies for in forma pauperis status, the motion is granted. Plaintiff will not be required to pay the filing fee for this case.

Plaintiff's complaint has now been reviewed. The only named Defendants are not located within the State of Florida. ECF No. 1 at 1-3. Rather, Plaintiff's address for the Defendants is in the District of Columbia. *Id.* The venue statute provides that a civil action "may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Because Plaintiff's complaint does not

provide a basis for venue, this case has not been filed in the proper Court. As explained below, however, there is no need to transfer this action.

Plaintiff's complaint does not describe an injury which is personal to Plaintiff, or which was caused by the Defendants.  This case does not allege that the Defendants harmed Plaintiff.  ECF No. 1.  Instead, Plaintiff complains about the allegedly "wrongful conviction" of Michael Flynn which he contends caused "psychological damage to the Plaintiff and the American people."  *Id.* at 4-5.  That is not an injury personal to Plaintiff; it is an "abstract injury."  The Supreme Court has made clear that "'[a]bstract injury is not enough.'"  O'Shea v. Littleton, 414 U.S. 488, 494, 94 S. Ct. 669, 675, 38 L. Ed. 2d 674 (1974) (quoted in Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 219, 94 S. Ct. 2925, 2931, 41 L. Ed. 2d 706 (1974)).  Moreover, clearly established law provides "that standing to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share."  Schlesinger, 418 U.S. at 220, 94 S. Ct. at 2932.

Furthermore, Plaintiff's complaint does not present a viable claim upon which relief may be granted.  The legal theory upon which Plaintiff's

claims are brought is frivolous. Title 28, United States Code, Section 1915(e) provides that a United States District Court may dismiss a case filed in forma pauperis, if the action is frivolous or malicious. Among the cases which may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) are those "based on an indisputably meritless legal theory," and "those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Plaintiff's allegations fall within the class of cases recognized in Neitzke. There is no indication that providing an opportunity for further amendment would be beneficial; indeed, it would be futile. Thus, it is recommended that this action be dismissed.

    Accordingly, it is

    **ORDERED:**

    1. Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

    2. Plaintiff is not required to pay the filing fee for this case.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for improper venue, lack of standing, and failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 20, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**